# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1344

_____

Kenneth Kenley,

    Petitioner/Appellant,

  v.

Donald Roper, Superintendent Potosi
Correctional Center,

    Respondent/Appellee.

&ast;
&ast;
&ast;
&ast;
&ast; Appeal from the United States
&ast; District Court for the
&ast; Eastern District of Missouri.
&ast; [PUBLISHED]
&ast;
&ast;
&ast;

_____

Submitted: February 4, 2003

Filed: February 4, 2003

_____

Before BOWMAN, MORRIS S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Before us is Kenneth Kenley's federal habeas claim that he has been subjected to cruel and unusual punishment because 1) the Missouri Department of Corrections has been deliberately indifferent to his safety by exposing him to the hepatitis C virus and to his health by failing to properly treat his hepatitis C infection, and 2) he is incompetent to be executed under the standard enunciated in Ford v. Wainwright, 477 U.S. 399 (1986).

The district court dismissed Kenley's hepatitis C claims finding the claims not cognizable under 28 U.S.C. § 2254. We affirm the district court's dismissal of those claims.

The district court found Kenley's <u>Ford</u> competency claim to be a second or successive habeas petition, and correctly noted that no application had been made to the court of appeals for authorization to bring such a petition. The district court therefore concluded that it lacked authorization to consider the merits of the claim. Instead, the district court transferred the claim to this court.

We think the district court erred in concluding Kenley's competency claim amounts to a second or successive petition. Kenley's petition challenges the execution of his sentence, not his conviction, and could not have been raised in his first habeas petition because it was not ripe. <u>See</u> <u>Crouch v. Norris</u>, 251 F.3d 720, 724 (8th Cir. 2001); <u>see also</u> <u>Scott v. Mitchell</u>, 250 F.3d 1011, 1013 (6th Cir. 2001) (holding <u>Ford</u> claim was not second or successive petition because it was not ripe at time petitioner filed initial habeas petition).

Because of the urgency of the matter, we now address the merits of Kenley's competency claim rather than remanding to the district court. In his pleadings, Kenley argues he is unable to discuss and comprehend the reasons that his punishment should not be carried out. Kenley concedes, however, that he understands the nature and purpose of the punishment to which he is subject. He therefore has not stated a valid <u>Ford</u> claim. <u>See</u> <u>Rector v. Clark</u>, 923 F.2d 570 (8th Cir. 1991) ("the <u>Ford</u> majority found the Eighth Amendment prevented the execution of 'one whose mental illness prevents him from comprehending the reasons for the penalty or its implications.'") (citing <u>Ford</u>, 477 U.S. at 417). Additionally, because the medications he is receiving are voluntary, there is no issue of forced medication to assure competency. Accordingly, habeas relief on this claim is denied.

Kenley's motion for a stay of execution is also denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.