**Jeffrey ZINZER, Appellant,**

v.

**STATE OF IOWA, Appellee.**

**No. 94–3781.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1995.

Decided July 21, 1995.

---

Stephen A. Swift, Cedar Rapids, IA, argued, for appellant.

Thomas D. McGrane, Des Moines, IA, argued (Thomas J. Miller as Atty. Gen. of Iowa on the brief), for appellee.

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Jeffrey Zinzer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of trial counsel. The district court[1] denied the petition and Zinzer appeals. We affirm.

## I. BACKGROUND

Zinzer was convicted of first-degree murder in Iowa state court. After his conviction was affirmed on direct appeal, Zinzer sought state post-conviction relief. He claimed that his trial counsel had been ineffective in failing to pursue evidence of livor mortis[2] in the murder victim's body. According to expert testimony in the post-trial record, had the livor mortis evidence been developed at trial, it would have shown that the victim's body, which was discovered lying on its back, had been lying face down for two to five hours immediately after death. Zinzer argued that this evidence would have exonerated him because there was not enough time for him to have killed the victim and then moved the body after livor mortis appeared.

The state court denied post-conviction relief and the Iowa Court of Appeals affirmed. The Court of Appeals held that the ineffective assistance of trial counsel claim was procedurally barred under Iowa law because it had not been raised on direct appeal and Zinzer had not provided a "sufficient reason" for failing to do so.[3] The Iowa Supreme Court denied further review.

Zinzer then filed the present petition for writ of habeas corpus in federal district court again claiming ineffective assistance of trial counsel. He argued that "cause and prejudice" resulting from the ineffective assistance of his counsel on direct appeal (hereinafter "appellate counsel") excused his procedural default of the claim.[4] The district court denied the petition after determining that Zinzer's appellate counsel had made a strategic decision that had not prejudiced Zinzer.

## II. DISCUSSION

■ As noted above, Zinzer claims that he is entitled to habeas relief because his trial counsel was ineffective in failing to recognize the importance of the livor mortis evidence. Since the Iowa Court of Appeals

---

1. The Honorable Michael J. Melloy, Chief Judge of the United States District Court for the Northern District of Iowa.

2. Livor mortis, also known as post-mortem lividity, is the discoloration of a dead body in the areas where decomposing blood has settled by gravity.

3. Zinzer's trial counsel did not handle the direct appeal. If trial counsel had also been appellate counsel, that would have been a "sufficient reason" for failing to raise ineffective assistance of trial counsel on direct appeal. See Bear v. State, 417 N.W.2d 467, 472 (Iowa Ct.App.1987).

4. Zinzer also claimed ineffective assistance of appellate counsel as an independent ground for habeas relief. Zinzer has not addressed this claim on appeal. He argues only that appellate counsel's ineffective assistance is "cause" for the procedural default of his trial counsel claim. He has thus abandoned the appellate counsel claim as an independent ground for relief and we need not consider it. We note, however, that even if the claim were properly before us, it is not a valid basis for habeas relief. As discussed below, Zinzer has failed to establish Strickland prejudice resulting from appellate counsel's performance.

found Zinzer's trial counsel claim to be procedurally defaulted, federal habeas review is barred unless Zinzer can establish "cause for the default and prejudice attributable thereto." *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).[5]

As "cause," Zinzer alleges ineffective assistance of appellate counsel. He argues that his appellate counsel should have challenged trial counsel's failure to pursue the livor mortis evidence. Whether appellate counsel was ineffective is a mixed question of law and fact. *Dodd v. Nix*, 48 F.3d 1071, 1073 (8th Cir.1995). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.*

To establish ineffective assistance of appellate counsel, Zinzer must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir.) (applying two-part *Strickland* analysis to appellate counsel), *cert. denied*, —— U.S. ——, 113 S.Ct. 339, 121 L.Ed.2d 256 (1992). We need not consider whether appellate counsel's performance was deficient because we agree with the district court that Zinzer has failed to establish prejudice.

Prejudice, within the meaning of *Strickland*, occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair. *See Lockhart v. Fretwell*, —— U.S. ——, ——––——, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993). Here, Zinzer must show

that appellate counsel's failure to raise the issue of ineffective assistance of trial counsel undermines our confidence in the result of the direct appeal. Zinzer has made no such showing.

It is not likely that Zinzer would have prevailed in his direct appeal even if appellate counsel had raised the issue of ineffective assistance of trial counsel. Contrary to Zinzer's assertions, the livor mortis evidence does not clearly exonerate him. Zinzer was last seen with the victim at 2:00 a.m. on the day of the murder and has no alibi until 8:30 a.m. that day. This period of time was sufficient for him to have committed the murder, placed the body face down for a period of time (causing anterior livor mortis), and moved the body. In fact, the livor mortis evidence tends to support the prosecution's theory that the body lay face-down in Zinzer's van for a period of time.[6] Trial counsel's failure to pursue the livor mortis evidence did not deprive Zinzer of a trial whose result is reliable.

Because Zinzer's ineffective assistance of trial counsel claim was unlikely to succeed on direct appeal, appellate counsel did not prejudice Zinzer by failing to raise the claim. In the absence of prejudice, Zinzer cannot establish ineffective assistance of appellate counsel and cannot show "cause" for the procedural default of his ineffective assistance of trial counsel claim. Thus, Zinzer cannot overcome the procedural bar and we need not consider the "prejudice" component of the "cause and prejudice" analysis.[7]

Zinzer also claims that he was entitled to an evidentiary hearing to further de-

---

5. Federal habeas review is available even without a showing of cause and prejudice in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Zinzer does not argue that this is such a case.

6. At trial, the prosecution offered evidence that marks on the front of the victim's body could have been caused by a large spool found in the back of Zinzer's van.

7. We note that the "prejudice" component of "cause and prejudice" is analytically distinct

from the *Strickland* prejudice we examined above. *See McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). The "actual prejudice" required to overcome the procedural bar must be a higher standard than the *Strickland* prejudice required to establish the underlying claim for ineffective assistance of counsel. *See United States v. Frady*, 456 U.S. 152, 165–68, 102 S.Ct. 1584, 1593–94, 71 L.Ed.2d 816 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

**1300**

velop the record regarding the assistance provided by both trial and appellate counsel. "A petitioner who has failed to develop evidence in state court must show cause and prejudice for that failure in order to merit an evidentiary hearing in federal court." *McKee v. Nix,* 995 F.2d 833, 835–36 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 565, 126 L.Ed.2d 465 (1993). Because Zinzer has shown no reason why he could not have fully developed the record in the state court post-conviction proceedings, he is not entitled to an evidentiary hearing.

### III. CONCLUSION

For the foregoing reasons, the order of the district court denying Zinzer's petition for writ of habeas corpus is affirmed.