# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4331

_____

William James Nims, Jr.,           *
                                    *
        Appellant,           *   Appeal from the United States
                                    *   District Court for the Northern
    v.                          *   District of Iowa.
                                    *
Warden John Ault,                   *
                                    *
        Appellee.            *

_____

Submitted:  June 15, 2000

Filed:  June 5, 2001

_____

Before WOLLMAN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

     William Nims appeals from the district court's[1] denial of his 28 U.S.C. § 2254 petition.  We affirm.

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, adopting the Report and Recommendation of United States Chief Magistrate Judge John A. Jarvey.

# I.    PROCEDURAL HISTORY

Nims was convicted of kidnapping and sexually abusing an eight-year-old girl in Iowa in May 1983.  At trial, Nims did not dispute the fact that he kidnapped and sexually assaulted the girl, but instead relied upon a diminished capacity defense.  The Iowa Supreme Court affirmed the conviction, State v. Nims, 357 N.W.2d 608 (Iowa 1984), and the Iowa Court of Appeals affirmed the denial of Nim's application for post-conviction relief, State v. Nims, 401 N.W.2d 231 (Iowa Ct. App. 1986).

In  1990 Nims filed a federal habeas corpus petition challenging the admission of hearsay evidence, and raising an Eighth Amendment and ineffective assistance of counsel claims.  The petition was denied on the merits in August 1991.  While an appeal of that denial was pending before this court, Nims' habeas counsel became aware of potential juror misconduct,[2] and asked this court to remand the case to the district court so that he could file an amended petition raising this claim.  We dismissed the appeal without prejudice in February 1992 and remanded the case to the district court.

On remand, Nims filed an amended petition that included the juror misconduct claim.  Nims had not yet exhausted this claim in state court, however, so the district court dismissed the amended petition without prejudice, leaving Nims free to fully exhaust his state remedies and to refile the amended petition at a later date.  Although Nims attempted to exhaust this claim in state court, the state post-conviction court denied the application as untimely under Iowa's three-year statute of limitations.  See Iowa Code § 822.3.  The post-conviction court determined that the alleged juror misconduct occurred at trial, and therefore could have been raised in a timely manner on direct appeal or in the first post-conviction proceeding.  The post-conviction court

---

[2]During voir dire, a prospective juror (who was later empaneled) was asked "[w]ill you be fair?"  The trial transcript indicates the juror answered, "[n]o."

was affirmed by the Iowa Court of Appeals in January 1998. Nims v. State, No. 7-597/96-2114 (Iowa Ct. App. Jan. 28, 1998). Nims filed this current habeas petition on May 27, 1998.[3]

The district court denied the petition and found that the alleged juror misconduct claim was procedurally defaulted because it had never been adjudicated by the state court. The district court reasoned that because the juror misconduct occurred during voir dire, this claim was known to Nims at the time of trial, and no cause existed to excuse the procedural default. The district court issued a certificate of appealability on this issue.

## II.    DISCUSSION

Iowa law requires post-conviction claims be brought within three years from the date the conviction or decision is final, unless there is a ground of fact or law which could not have been raised within the applicable time period. Iowa Code § 822.3. The state courts which reviewed Nims' juror misconduct claim concluded Nims did not meet the exception to the three-year limitation because the issue was raised following habeas counsel's examination of the trial transcript, which had been in existence since 1983. Nims v. State, No. 7-597/96-2114, slip op. at 2. The Iowa Court of Appeals further found that a contention developed during post-trial discovery that the juror had spoken

---

[3]Even though the parties seemed to agree at oral argument that this case was not governed by the amendments to the habeas corpus act, the Antiterrorism and Effective Death Penalty Act (AEDPA), our case law indicates that since this case was filed after AEDPA's effective date, the case is governed by AEDPA. See Weaver v. Bowersox, _ F.3d _ (8th Cir. 2001). Regardless, AEDPA did not substantively change the procedural default cause and prejudice analysis which we employ here. See Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (Congress enacted AEDPA "against a backdrop of . . . procedurally barred claims" yet chose not to alter this legal landscape) (citing Souch v. Harkins, 21 F. Supp. 2d 1083, 1087-88 (D. Ariz. 1998)).

with his wife about the trial was not a ground of fact or law which could not have been raised within the three-year time period. This was because under Iowa law, to qualify as such a ground, the evidence must be likely to change the result of the case. Id. at 4 (citing Dible v. State, 557 N.W.2d 881, 884 (Iowa 1996)). The court found Nims had not produced evidence that any such discussions between the juror and his wife would have changed the result of the trial, and hence could not qualify for the exception to the three-year statute of limitations. Nims, slip op. at 4.

Thus, the Iowa state courts have applied Iowa Code § 822.3 to bar consideration of Nims' post-conviction federal juror misconduct claim. Nims' claim was dismissed by the state courts on independent and adequate state law grounds, and this particular state procedural rule is firmly established and regularly followed. See Wyldes v. Hundley, 69 F.3d 247, 252 (8th Cir. 1995).[4] Nims' claims are therefore procedurally defaulted and we cannot consider them unless Nims can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime. Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997). Nims does not assert actual innocence, but instead argues he can demonstrate the necessary cause for and prejudice from the default.

To show cause for his failure to raise this claim in state post-conviction proceedings, Nims must show that some objective external factor impeded him from complying with Iowa's three-year statute of limitations. O'Rourke v. Endell, 153 F.3d

---

[4]Nims does not attempt to argue that the statute of limitations in section 822.3, which procedurally barred review of his claim at the state level, is not firmly established or regularly followed. Cf. State v. Edman, 444 N.W.2d 103, 105-06 (Iowa Ct. App. 1989) (relevant section was amended in 1984 to add three-year statute of limitation to limit post-conviction litigation "in order to conserve judicial resources"); see also, McKee v. Nix, 995 F.2d 833, 837 (8th Cir. 1993) (recognizing and enforcing Iowa's section 822.3 bar to review).

560, 567 (8th Cir. 1998). An "external" factor is one which is not fairly attributable to the petitioner. Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999). This external factor need not necessarily be attributable to the state, but if it is not, it must explain why the factual basis for the claim was reasonably unavailable. Id. at 1141. See also, Joubert v. Hopkins, 75 F.3d 1232, 1242 (8th Cir. 1996) ("Interference by the state, ineffective assistance of counsel, and conflicts of interest are examples of factors external to the defense which prevent a petitioner from developing the factual basis of his claim.") Cf. McCleskey v. Zant, 499 U.S. 467, 497 (1991) (in successive writ cause and prejudice analysis "[f]or cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim").

Nims asserts the juror's lack of candor at voir dire was the external factor causing the default. He argues that it is not simply the juror's answering "No" to the question "Will you be fair" which denied his right to a fair trial, but instead that the juror withheld information that he had discussed the case with his wife and had already formed an opinion that whoever committed this crime should be severely punished. However, it is the "No" answer which triggered habeas counsel's inquiry into the matter, and this information (that the juror in question would possibly not be fair) was available to Nims from the time of trial forward. This anomaly in the transcript was available to Nims following the trial in 1983. No circumstances changed from the time when the juror answered "No" at voir dire to the time habeas counsel discovered the error and deposed the juror. Furthermore, based on the juror's "No" answer to the question, "Will you be fair," this juror was arguably being candid. Where the petitioner has access to the information necessary to make his claim in state court, the failure to develop the claim will not constitute cause. El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993). Thus, Nims cannot establish that an objective external factor impeded him from complying with Iowa's three-year statute of limitations.

Moreover, Nims cannot establish prejudice. To establish prejudice, Nims must show that the alleged misconduct not only created a possibility of prejudice, but that it worked to his actual and substantial disadvantage, thereby infecting the trial with constitutional error. Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994). The petitioner must also show, at the very least, that absent the alleged constitutional violation, there is a reasonable probability the outcome of the case would have been different. Cf. Strickland v. Washington, 466 U.S. 668, 693-94 (1984); compare Mercer v. Armontrout, 864 F.2d 1429, 1434 (8th Cir.1988) (noting prejudice needed to overcome procedural default is "not dissimilar to Strickland's prejudice test for ineffective assistance of counsel") with Zinzer v. Iowa, 60 F.3d 1296, 1299 n.7 (8th Cir. 1995) (opining in dicta that "actual prejudice" required to surmount procedural bar is an even higher standard than the Strickland prejudice).

In his deposition, the juror in question testified that his wife agreed with opinions he shared with her during the trial. The juror did not speak to other jury members before deliberation or to anyone else during the trial. Because the juror's wife did not attempt to influence him during their discussions and he did not speak to anyone else, and because ample evidence supported the conviction, Nims cannot demonstrate that the trial was infected with constitutional error or that the outcome likely would have been different absent the alleged juror misconduct.

## III.  CONCLUSION

We conclude that the district court did not err in finding that Nims' claims were procedurally defaulted. Accordingly, we affirm the judgment of the district court.

BYE, Circuit Judge, dissenting.

I respectfully dissent. Because Nims received an adjudication on the merits of all issues raised in a prior petition, his current petition should be considered "second

or successive" under 28 U.S.C. § 2244(b). Nims did not seek authorization from this court prior to filing his current petition in the district court, and his petition does not meet the standards set forth in § 2244(b). Therefore, I would vacate the judgment denying the petition, and remand the case to the district court for dismissal.

Nims filed his first federal habeas corpus petition in June 1990. He alleged claims involving the admission of hearsay evidence, cruel and unusual punishment, and several instances of ineffective assistance of counsel. Nims received an adjudication on the merits of all those claims in August 1991. His juror misconduct claim, the only claim now before this court, was not raised until after Nims appealed the denial of his first petition to this court. Nims moved to dismiss his appeal so that he could return to district court and file an amended petition raising the juror misconduct claim. After we dismissed the appeal, Nims returned to the district court. The court dismissed Nims's amended petition without prejudice because he had not yet exhausted the juror misconduct claim in state court. Nims then sought to exhaust his state remedies, and he did not return to federal court with this current habeas petition until May 27, 1998.

As the majority notes, AEDPA governs this case because Nims filed the petition after AEDPA's effective date. See Vancleave v. Norris, 150 F.3d 926, 927 (8th Cir. 1998). As a result, we must examine whether AEDPA's restrictions on our ability to review successive habeas petitions apply to this petition. A discussion of the Supreme Court's decisions in Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), and Slack v. McDaniel, 529 U.S. 473 (2000), helps in that regard, as those cases examined the parameters of AEDPA's restrictions.

The petitioner in Martinez-Villareal raised several claims in a pre-AEDPA petition, including a claim that he was incompetent to be executed, Ford v. Wainwright, 477 U.S. 399 (1986). The district court denied Martinez-Villareal relief on the merits of all claims except the Ford claim, which the court dismissed as premature because the state had not yet issued an execution warrant. After the state obtained a warrant,

Martinez-Villareal moved to reopen his petition to assert the <u>Ford</u> claim.[5] <u>Martinez-Villareal</u>, 523 U.S. at 640. The Court held that the motion to reopen the petition was not a "second or successive" petition:

> This may have been the second time that respondent had asked the federal courts to provide relief on his <u>Ford</u> claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b). There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief.

<u>Id.</u> at 643.

The Court contrasted Martinez-Villareal's situation with that of a hypothetical prisoner who raises a new habeas claim only after the district court has fully adjudicated all claims raised in an initial petition:

> This case does not present the situation where a prisoner raises a <u>Ford</u> claim for the first time in a petition filed after the federal courts have *already rejected the prisoner's initial habeas application*. Therefore, we have no occasion to decide whether such a filing would be a "second or successive habeas corpus application" within the meaning of AEDPA.

<u>Id.</u> at 645 n.* (emphasis added).

In <u>Slack</u>, the Court addressed a mixed petition, filed prior to AEDPA's effective date, raising some claims that had been exhausted in state court and others that had not. Following <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), the district court had dismissed the

---

[5]He brought the motion to reopen after AEDPA's effective date.

entire petition without prejudice so that the petitioner could fully exhaust his state remedies. After exhausting his state remedies, Slack returned to federal court with a second habeas petition. See Slack, 529 U.S. at 479.

The district court dismissed the second petition, concluding that it was "second or successive." The Supreme Court disagreed, holding that "a habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." Id. at 485-86. Although Slack's subsequent petition was filed in 1995, prior to AEDPA's effective date, the Court said, "we do not suggest the definition of second or successive would be different under AEDPA." Id. at 486.

Unlike the petitions at issue in Martinez-Villareal and Slack, Nims's petition should be considered "second or successive" under AEDPA. This case presents the situation to which the Court alluded in Martinez-Villareal, where a new claim is raised "for the first time in a petition filed after the federal courts have already rejected the prisoner's initial habeas application." Martinez-Villareal, 523 U.S. at 645 n.*. Nims sought to add a juror misconduct claim only after appealing his merits-denied petition to this court. Thus, unlike the Ford claim in Martinez-Villareal, Nims's juror misconduct claim was never part of the original petition. Unlike the mixed petition in Slack, Nims received an adjudication on the merits of all claims raised in his original petition.

My view that Nims's petition is "second or successive" is hardly novel. A key factor in determining whether a petition should be considered "second or successive" is whether a prior petition has been adjudicated on the merits. See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000); Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).

-9-

Applying AEDPA's "second or successive" restrictions to this current petition likely frustrates our purpose in granting Nims's motion to dismiss his first appeal. We fully expected that Nims would be able to return to our court for review of the issues raised in his first petition, as well as for review of the juror misconduct claim raised in an amended petition. Between the two appeals, however, Congress enacted AEDPA, altering the landscape of our expectations. For example, AEDPA now prevents us from reviewing *any* of the issues raised in Nims's first petition, since Nims failed to meet AEDPA's standards for obtaining a certificate of appealability on those issues. Likewise, I believe AEDPA's restrictions on "second or successive" petitions prevent us from reviewing the merits of the juror misconduct claim.

Nims chose not to pursue appellate review of the issues raised in his first petition when he asked us to remand his case to the district court. By that point, however, the first petition had already been merits-decided in the district court, and thus should count for purposes of determining whether his current petition is "second or successive" under AEDPA. Cf. Johnson v. United States, 196 F.3d 802, 804 (7th Cir.1999) (suggesting that a petition will count even before it has been decided on the merits if "the prisoner gets a collateral attack under way and then abandons it in the face of looming defeat"). Nims's other choice was to pursue his original appeal to conclusion, and risk a possible abuse-of-the-writ challenge to a subsequent petition raising the juror misconduct claim. Cf. Burris v. Farley, 51 F.3d 655, 658 (7th Cir. 1995) (acknowledging that a remanded petition following an appeal may nevertheless be subject to an abuse-of-the-writ defense). The fact that Nims chose the former over the latter does not exempt his current petition from satisfying AEDPA's "second or successive" restrictions.

In my view, Nims's current petition could be saved from AEDPA's restrictions on "second or successive" petitions only if our order dismissing the original appeal, and remanding to the district court, could be construed as vacating the district court's judgment denying Nims's first petition. While a remand order entered pursuant to a *district court's* request to remand is comparable to vacatur of the original judgment, see

-10-

6 Charles Alan Wright, et. al., Federal Practice and Procedure § 1489, at 697-98 (2d ed. 1990) (citing Markert v. Swift & Co., 173 F.2d 517 (2d Cir. 1949)), I am unaware of any authority that suggests that a *party's* choice to abandon an appeal and seek remand affects the finality of a judgment. When Nims sought remand following the appeal of the denial of his first petition, his amended petition was subject to an exhaustion challenge and dismissal under Rose v. Lundy. The subsequent dismissal of his amended petition, however, did not alter the finality of the district court's judgment on the merits of every issue raised in Nims's original petition.

In failing to consider Nims's current petition in light of AEDPA's "second or successive" requirements, I fear the majority sets a bad precedent. The majority permits a prisoner to file a petition in district court, receive a complete adjudication on the merits, appeal, dismiss the appeal to add a new claim, and start all over *without penalty*. This sequence is certainly appropriate when the new claim either (a) relies on a new rule of constitutional law made retroactive by the Supreme Court, or (b) is based on a factual predicate which could not have been discovered through the exercise of due diligence and which would convincingly establish the prisoner's actual innocence, see 28 U.S.C. § 2244(b)(2) (setting forth the requirements for filing a second or successive petition), but Nims's juror misconduct claim fits neither exception.

I recently sat on a panel that rejected a strict literal reading of AEDPA's reference to "second or successive." See Crouch v. Norris, ___ F.3d ___, 2001 WL 521347 at *2 (8th Cir. May 17, 2001). In doing so, we noted that the phrase involves the application of pre-AEDPA abuse-of-the-writ principles. Id.; see also Vancleave v. Norris, 150 F.3d at 928 (noting that, in Martinez-Villareal, the Supreme Court avoided an "overly literal construction" of the phrase when the second petition did not implicate abuse-of-the-writ principles). Our decision in Crouch turned on the fact that the prisoner's second petition was not abusive because he was unable to bring the claim at issue (a challenge to the execution of his sentence, rather than the validity of his conviction) in his first petition, and because his second petition would not frustrate

AEDPA's concerns with delay and finality. <u>Crouch</u>, ___ F.3d at ___, 2001 WL 521347 at *3. Neither factor is present here. Nims could have brought his juror misconduct claim in his merits-denied first petition; and reviewing the juror misconduct claim now, on the merits, frustrates both AEDPA's concern with delay and with the finality of Nims's 1983 conviction. Furthermore, the procedure implicitly approved by the panel allows prisoners to abuse the writ, and ought therefore to be subject to the strictures of AEDPA's "second or successive" requirements.

Because Nims failed to comply with the certification requirements for "second or successive" petitions, the district court lacked the power and authority to entertain his current petition. <u>See</u> <u>Boykin v. United States</u>, No. 99-3369, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (collecting cases). I would therefore vacate the judgment of the district court, and remand this case to be dismissed for lack of jurisdiction, instead of reaching the merits of Nims's juror misconduct claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.