Darren D. **FARMER**, Petitioner,

v.

State of **IOWA**, Respondent.

No. C 99–0132–MWB.

United States District Court, N.D. Iowa, Cedar Rapids Division.

July 31, 2001.

Wallace L. Taylor, Attorney at Law, Cedar Rapids, IA, for Petitioner.

Robert P. Ewald, Asst. Iowa Atty. General, Des Moines, IA, for Respondent.

## MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BENNETT, Chief Judge.

In this action, petitioner Darren D. Farmer seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254 from his convictions in Iowa state court of involuntary manslaughter and second-degree sexual abuse in the death of his girlfriend's eighteen-month-old daughter, Jade Horkheimer, on November 18, 1989. Farmer was originally charged with first-degree murder and first-degree sexual abuse, but after a trial that began on July 9, 1990, a jury found Farmer guilty only of lesser-included offenses on July 24, 1990. Farmer obtained no relief in state court from his convictions on direct appeal and an application for post-conviction relief. Therefore, on October 8, 1999, Farmer filed the present federal action for *habeas corpus* relief and a motion to proceed *in forma pauperis*. Following initial review, the court ordered that Farmer's petition be filed on October 25, 1999, and appointed counsel to represent Farmer on October 27, 1999.

In his *pro se* petition, Farmer asserted ten grounds for relief. However, Farmer's counsel and the respondent briefed only three issues. In a Report and Recommendation filed April 27, 2001, Magistrate Judge Paul A. Zoss concluded, on the basis of a status report from Farmer's counsel prompted by an order requesting clarification of the claims upon which Farmer seeks relief, that Farmer is pursuing only the following four grounds for relief: pros-

ecutorial misconduct (original Ground One); refusal of the trial court to give an instruction on spoliation of evidence, based on an investigator's destruction of his notes on an interview with Farmer (original Ground Three); exclusion by the trial court of evidence regarding the victim's mother's past violence, habits, and routine toward the victim, rashes, sores, and bleeding in the victim's vaginal area prior to the date of the victim's death, and the number of people around the victim at various times (original Grounds Four and Six); and ineffective assistance of counsel (original Ground Ten). In his Report and Recommendation, Judge Zoss recommends denial of all of Farmer's claims for relief and entry of judgment in favor of the respondent, although Judge Zoss recommends that a certificate of appealability be issued. Farmer filed objections to the Report and Recommendation, through counsel, on May 7, 2001. In his objections, Farmer does *not* object to Judge Zoss's characterization of the claims on which he seeks relief or Judge Zoss's conclusion that other claims have been abandoned, although he does object to Judge Zoss's conclusion that relief should be denied on the four claims identified above.

■ The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such re-

view is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk* ). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). Farmer has filed seven objections requiring *de novo* review in this case, which the court will consider in turn.

First, Farmer notes that Judge Zoss concluded that Farmer's claim of prosecutorial misconduct had not been "fairly presented" to the Iowa Court of Appeals on direct appeal in terms of *federal* issues. Farmer does not object to this conclusion. Rather, Farmer objects to Judge Zoss's failure to discuss whether the ineffective assistance of appellate counsel constituted "cause and prejudice" for failure to assert the prosecutorial misconduct claim as a federal claim on direct appeal. Farmer contends that the ineffective assistance of appellate counsel would excuse his procedural default and require consideration of the prosecutorial misconduct claim, as a constitutional claim, on the merits in this federal *habeas* proceeding. This objection is unpersuasive.

■ To show "cause" in an attempt to excuse a procedural default, the petitioner

must show "some objective external factor impeded him" from timely asserting the claim in state proceedings. *See, e.g., Nims v. Ault,* 251 F.3d 698, 702 (8th Cir.2001). The court agrees with Farmer that one example of such an "external factor" is ineffective assistance of counsel. *See id.* (citing *Joubert v. Hopkins,* 75 F.3d 1232, 1242 (8th Cir.), *cert. denied,* 518 U.S. 1029, 116, S.Ct. 2574, 135 L.Ed.2d 1090 (1996)). However, "ineffective assistance of counsel must be presented to the state court as an independent claim before it can be used to establish cause for a procedural default." *Lee v. Kemna,* 213 F.3d 1037, 1038 (8th Cir.2000) (citing *Wyldes v. Hundley,* 69 F.3d 247, 253–54 (8th Cir.1995), *cert. denied,* 517 U.S. 1172, 116 S.Ct. 1578, 134 L.Ed.2d 676 (1996)), *cert. granted,* —— U.S. ——, 121 S.Ct. 1186, 149 L.Ed.2d 103 (2001).[1] Although Farmer asserted ineffective assistance of *trial* counsel in his post-conviction relief proceedings—including an allegation that trial counsel "fail[ed] to fully pursue and develop an adequate record on the issue of prosecutorial misconduct before and during trial," Amended Petition For Post Conviction Relief, ¶ 4.g. (Appendix On Appeal Of Denial Of Post-Conviction Relief, 53–54)—Farmer did not assert in those or any other state proceedings the ineffective assistance of *appellate* counsel, *in any respect,* let alone with respect to failure to raise a constitutional challenge to the prosecutor's alleged misconduct. Therefore, Farmer cannot establish the "cause" on which he relies, *see Lee,* 213 F.3d at 1038, and Judge Zoss did not err in failing to consider ineffective assistance of appellate counsel as "cause and prejudice" for procedural default on the prosecutorial misconduct issue.

■ Moreover, neither in his briefs nor his objections has Farmer made more than a conclusory allegation of ineffective assistance of appellate counsel in this regard. *See* Petitioner's Reply Brief, 7 ("Respondent argues that this [prosecutorial misconduct] issue is procedurally defaulted because it was not presented in the state courts as a federal constitutional issue. As with the first issue herein, if Petitioner's *direct appeal attorney* failed to raise this issue in this context in the direct appeal, the attorney provided ineffective assistance of counsel.") (emphasis added); Petitioner's Objections To Magistrate's Report And Recommendation (Petitioner's Objections), ¶ 1 ("[T]he R & R does not discuss the issue of ineffective assistance of appellate counsel in the direct appeal. Ineffective assistance of counsel is certainly a ground for cause and prejudice in order to avoid procedural default. *Boysiewick v. Schriro,* 179 F.3d 616, 619 (8th Cir.1999). The R & R was incorrect in not finding cause and prejudice based on ineffective assistance of appellate counsel.").[2] No-

1. The undersigned, sitting by designation, dissented from the majority opinion in *Lee v. Kemna,* 213 F.3d 1037 (8th Cir.2000), but on other grounds. *See Lee,* 213 F.3d at 1040 (Bennett, J., sitting by designation, dissenting) ("I concur with the majority's conclusio[n] that Lee is unable to demonstrate 'cause and prejudice'.... Lee cannot establish the necessary 'cause,' because he failed to raise before the state court his asserted 'cause,' which he alleges was his trial counsel's ineffective assistance....") (citing *Wyldes,* 69 F.3d at 253).

2. In his original brief on the merits, Farmer referred to ineffective assistance of appellate

counsel as cause and prejudice for failure to preserve a *different* claim, a claim of improper exclusion of evidence, *see* Petitioner's Brief And Argument, 13–14, although he did not allege such a ground for relief in his original Petition. Also, in his original brief on the merits, but again not in his original Petition, Farmer referred to the ineffective assistance of *"post-conviction appellate counsel"* in failing to pursue the issue of prosecutorial misconduct, but not to the ineffective assistance of counsel on direct appeal with regard to this issue. *Id.* at 19 (emphasis added).

where has Farmer attempted, even in these proceedings, to demonstrate that appellate counsel's conduct was ineffective in the pertinent respect according to the requirements for proof of such a claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "unprofessional conduct" and "prejudice." Indeed, Farmer only mentions the *Strickland* standard with regard to a contention that the ineffective assistance of appellate counsel established "cause" for a *different* claim, a claim of failure to raise the issue of exclusion of witnesses, without ever attempting to point to any evidence demonstrating in what ways appellate counsel's performance was ineffective under the *Strickland* standard with regard to that or any other claim. *See* Petitioner's Brief at 13–14 (citing *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999), *cert. denied*, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000), and *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir.1995), rather than *Strickland*, for statements of the applicable standard). Thus, upon *de novo* review, the court finds that Judge Zoss did not err in failing to consider whether ineffective assistance of appellate counsel might constitute "cause" for Farmer's procedural default of his federal constitutional claim of prosecutorial misconduct, and Farmer's first objection will be overruled.

■ Farmer's second objection to Judge Zoss's Report and Recommendation is that Judge Zoss also failed to discuss whether the ineffective assistance of appellate counsel established "cause and prejudice" for procedural default of the evidentiary issues asserted in Grounds Four and Six of his *habeas* petition. Again, Farmer raised this issue in his original brief in these proceedings, *see* Petitioner's Brief And Argument at 13–14, but he did not allege such a ground for relief in his original Petition, and he did not assert the issue in state post-conviction relief proceedings, because he asserted only the ineffective

assistance of *trial* counsel in those proceedings. Amended Petition For Post Conviction Relief, ¶ 4 (Appendix On Appeal Of Denial Of Post–Conviction Relief, 53–54). Even to the extent that Farmer may have raised the issue of ineffective assistance of appellate counsel in this regard in briefing in these proceedings, he again failed to make more than a conclusory assertion of ineffective assistance and plainly failed to satisfy the "unprofessional conduct" and "prejudice" prongs of the *Strickland* analysis. Farmer's second objection must also be overruled.

■ For his third objection, Farmer asserts that Judge Zoss incorrectly relied on the rule that there is no right to counsel in a state post-conviction relief proceeding as a basis for concluding that there could be no claim of ineffective assistance in post-conviction relief proceedings as a basis for finding "cause and prejudice" for a procedural default. Farmer cites *Simmons v. Lockhart*, 915 F.2d 372 (8th Cir. 1990), for the proposition that, even if there is no substantive right to post-conviction relief counsel, "ineffective assistance of PCR counsel can be a basis for cause and prejudice to avoid procedural default." Petitioner's Objections at ¶ 3. *Simmons* does stand for the proposition for which Farmer offers it. *See Simmons*, 915 F.2d at 376 ("[I]neffective assistance of post-conviction counsel can be 'cause' for purposes of lifting a procedural bar."). However, the Eighth Circuit Court of Appeals has since questioned the continued viability of this part of the opinion in *Simmons* in light of *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See Grubbs v. Delo*, 948 F.2d 1459, 1466 (8th Cir.), *cert. denied*, 506 U.S. 835, 113 S.Ct. 109, 121 L.Ed.2d 67 (1992). Moreover, the Eighth Circuit Court of Appeals has expressly held since *Simmons* that "any deficiencies

in [a post-conviction relief] lawyer's performance could not have constituted cause for ... purposes" of avoiding a procedural default. *Burns v. Gammon,* 173 F.3d 1089, 1092 (8th Cir.1999); *Cornell v. Nix,* 976 F.2d 376, 381 (8th Cir.1992) ("In *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), the United States Supreme Court held that there is no cognizable habeas claim for ineffective assistance of postconviction counsel because no constitutional right to counsel exists in postconviction proceedings. Thus, postconviction counsel's failure to more fully investigate the potential of Cross's recantation cannot constitute 'cause.' "), *cert. denied,* 507 U.S. 1020, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993). Even if the part of the opinion in *Simmons* upon which Farmer relies is still "good law," Farmer has made no more than conclusory assertions of ineffective assistance of post-conviction relief counsel, without ever attempting to demonstrate that his claim of ineffective assistance of post-conviction relief counsel satisfies the two prongs of the *Strickland* analysis. *See* Petitioner's Brief And Argument, 19 (referring to the ineffective assistance of *"post-conviction appellate counsel"* in failing to pursue the issue of prosecutorial misconduct, without argument that any evidence demonstrated the performance of post-conviction relief appellate counsel was unprofessional or caused prejudice, as required by *Strickland* ) (emphasis added). Therefore, Farmer's third objection must also be overruled.

Farmer's fourth objection has more merit. Farmer contends that Judge Zoss incorrectly stated that the evidence regarding destruction of the investigating officer's interview notes was "clear and unambiguous." Judge Zoss made this finding in reaching his conclusion that there was no unreasonable determination of the facts in light of the evidence presented at trial; *see* 28 U.S.C. § 2254(d)(2),

in the decision of the Iowa Court of Appeals to reject Farmer's contention that a spoliation of evidence instruction should have been given. Farmer argues that Judge Zoss's discussion of the issue itself demonstrates that there was conflicting evidence between the testimony of the detective who made and destroyed the notes and Farmer, and even within the detective's testimony itself. It is unclear to the undersigned in what respect the evidence concerning spoliation of evidence was "clear and unambiguous," when Judge Zoss himself detailed differences between the detective's and Farmer's testimony concerning what was said during Farmer's interview with the detective, what was in the detective's notes, and whether the brief written statement Farmer signed after his interview with the detective properly reflected the content of the interview. *See* Report and Recommendation at 20–32. However, the undersigned agrees with Judge Zoss's statement to the extent that it can be read as a finding that the evidence was "clear and unambiguous" that the detective did not destroy the investigative notes in bad faith. It is "clear and unambiguous" that the detective destroyed his notes on the interview only after the notes had been reduced to a written statement, Farmer had reviewed *and made a correction to* that written statement, and Farmer had signed the statement.

This leads directly to Farmer's fifth objection, which is that Judge Zoss erroneously concluded that relief is available on a claim that an instruction is required on spoliation of evidence only when the petitioner shows that the evidence was destroyed in bad faith. Farmer points out that, in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court "held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due pro-

cess where the evidence is material either to guilt or punishment, *irrespective of the good faith or bad faith of the prosecution.'"* Petitioner's Objections at ¶ 5 (quoting *Brady,* with emphasis in the Objections). Although Farmer acknowledges that Judge Zoss relied on *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), for the proposition that a showing of bad faith destruction of evidence is required to obtain relief, Farmer argues that bad faith is a fact question, which should be determined on the basis of an evidentiary hearing. Farmer also argues that, because the investigative notes related to a purported "confession," due process rights with respect to such evidence should be given special protection.

■ This court finds that the Supreme Court has itself explained the difference between the holdings in *Brady* and *Youngblood:*

The Due Process Clause of the Fourteenth Amendment, as interpreted in *Brady,* makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. *But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.* Part of the reason for the difference in treatment is found in the observation made by the Court in *[California v.] Trombetta,* 467 U.S. [479,] 486, 104 S.Ct. [2528,] 2532, 81 L.Ed.2d 413 [(1984)], that "[w]henever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed." Part of it stems from our unwillingness to read the "fundamental fairness" requirement of the Due Process Clause, *see Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941), as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution. We think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant. *We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.*

*Arizona v. Youngblood,* 488 U.S. at 57–58, 109 S.Ct. 333. The issue in this case is not "failure to disclose exculpatory evidence," the *"Brady* issue," to which good or bad faith is irrelevant, but the *"Youngblood* issue" of "failure to preserve potentially useful evidence," which does turn on whether the police acted in good or bad faith, because the question is whether a "spoliation of evidence" instruction should have been given to the effect that the jury was entitled to infer from the investigator's failure to preserve the notes that the notes might have been exculpatory. Thus, Judge Zoss did not err in holding that relief was available only upon a showing of "bad faith" failure to preserve the investigative notes. *Youngblood,* 488 U.S. at 57–58, 109 S.Ct. 333.

■ Nor did Judge Zoss err in failing to hold an evidentiary hearing to consider the investigating officer's good faith or bad faith in destroying the notes of his inter-

view with Farmer. As mentioned above, the undisputed facts are that the detective destroyed his notes on the interview only after the notes had been reduced to a written statement, Farmer had reviewed *and made a correction to* that written statement, and Farmer had signed the statement. On these facts, the officer's destruction of the notes was at worst negligent. *See Youngblood,* 488 U.S. at 58, 109 S.Ct. 333. Farmer pointed to nothing in his briefing in these proceedings or in his objections to the Report and Recommendation that generates a genuine issue of material fact as to the officer's good or bad faith. Rather, in these proceedings, Farmer has relied until now on his contention that the officer's good faith or bad faith was irrelevant to whether Farmer's due process rights had been violated, an argument this court has rejected as contrary to *Youngblood.* Therefore, Farmer's fourth and fifth objections must be overruled.

■■■■ Farmer's sixth and seventh objections must also fail. In his sixth objection, Farmer contends that Judge Zoss's reliance on *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), for the standard for determining whether rejection of a requested jury instruction violated the petitioner's rights, was misplaced. Farmer argues that the requested jury instruction in *Henderson* had to do with explaining the law beyond the plain language of the statute, which is a far less significant issue than whether the spoliation instruction should have been given in his case. However, because Farmer has failed to demonstrate any basis for a due process violation in the destruction of the investigating officer's interview notes, he has failed to show any basis for the requested spoliation instruction. Similarly, Farmer objects to Judge Zoss's alternative "harmless error" analysis of the issue of the spoliation instruction, because he contends that the issue was fact-intensive,

which means it would best be pursued in an evidentiary hearing, and significant factual issues here warrant such a hearing. However, as explained above, Farmer has not generated any factual dispute on the critical issue of the investigating officer's good or bad faith, so that no evidentiary hearing was required. The court also agrees with Judge Zoss that any error in failing to give the spoliation instruction was "harmless," because Farmer has failed to show that the absence of such an instruction "had substantial and injurious effect or influence in determining the jury's verdict," *see Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), where Judge Zoss recounted the extensive trial testimony concerning the circumstances and content of Farmer's statement to the investigating officer and reduction of the interview to a written statement reviewed and signed by Farmer. Thus, Farmer's sixth and seventh objections will also be overruled.

The court has reviewed Judge Zoss's findings on and recommended disposition of issues to which no timely objection was made and finds no "plain error" therein. *See Griffini,* 31 F.3d at 692 (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). This leaves only consideration of whether the court should accept Judge Zoss's recommendation that a certificate of appealability be issued.

■■■ In order to obtain a certificate of appealability, Farmer must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also Garrett v. United States,* 211 F.3d 1075, 1076–77 (8th Cir.), *cert. denied,* 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 184 (2000); *Mills v. Norris,* 187 F.3d 881, 882 n. 1 (8th Cir.1999); *Carter v. Hopkins,* 151 F.3d 872, 873–74 (8th Cir.), *cert. denied,* 525 U.S. 1007, 119 S.Ct. 524, 142 L.Ed.2d

435 (1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir.1998), *cert. denied*, 525 U.S. 1166, 119 S.Ct. 1083, 143 L.Ed.2d 85 (1999); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997), *cert. denied*, 525 U.S. 834, 119 S.Ct. 89, 142 L.Ed.2d 70 (1998). Judge Zoss concluded that "Farmer has raised issues which might constitute a substantial showing that he was deprived of a constitutional right," but did not identify which of the many issues raised satisfies the "substantial showing" requirement. *See* Report and Recommendation at 45.

 Where the underlying claims are defaulted, as many of the claims asserted in Farmer's Petition have been, the question for purposes of an application for a certificate of appealability is whether or not the petitioner has made a substantial showing of "cause and prejudice" to overcome the default. *See United States v. Bailey*, 235 F.3d 1069, 1071 (8th Cir.2000) (§ 2255 proceeding in which the district court determined that claims were defaulted, but granted a certificate of appealability on the issue of whether the petitioner had made an adequate showing to overcome the default, and the appellate court reviewed only the issue of "actual innocence" to overcome the default, not the underlying claims), *petition for cert. filed*, (June 18, 2001) (No. 00–10797). As to defaulted claims, the court concludes that Farmer has made no such substantial showing that he could overcome his procedural default on the basis of ineffective assistance of counsel, where he has neither presented the ineffective assistance claims to the state court nor attempted to demonstrate in these proceedings that his claims of ineffective assistance, asserted as "cause and prejudice" for default of other claims, satisfy the prongs of the *Strickland* analysis. This conclusion leaves only the question of whether appeal should be allowed on the issue of the trial court's failure to give an instruction on spoliation of evidence.

Because the undersigned finds that the proper standard against which this claim must be judged is the *Youngblood* standard of whether the officer responsible for destroying the interview notes acted in bad faith, *see Youngblood*, 488 U.S. at 57–58, 109 S.Ct. 333, and further finds that the record generates no factual dispute on the question of the officer's good or bad faith, the undersigned also concludes that Farmer has made no "substantial showing" of the denial of a constitutional right in the failure of the trial court to give a spoliation instruction. Therefore, the undersigned parts company with Judge Zoss to the extent that the court concludes that a certificate of appealability must be denied as to any and all of the claims asserted in these proceedings.

THEREFORE,

1. Farmer's May 7, 2001, objections to Judge Zoss's Report and Recommendation are **overruled**.

2. Judge Zoss's April 27, 2001, Report and Recommendation is **accepted**, with the exception that the recommended disposition is **modified** to deny a certificate of appealability.

3. Farmer's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is **denied** in its entirety, **judgment** shall enter in favor of the respondent, and a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **denied**.

**IT IS SO ORDERED.**