Edward N. BELL, Petitioner,

v.

**William Page TRUE, Warden, Sussex I State Prison, Respondent.**

No. 7:04CV00752.

United States District Court,
W.D. Virginia,
Roanoke Division.

June 24, 2005.

James G. Connell, III, Devine & Connell, P.L.C., Fairfax, Virginia, and Matthew K. Roskoski, Latham & Watkins LLP, Washington, DC, for Petitioner.

Katherine P. Baldwin, Senior Assistant Attorney General of Virginia, Richmond, VA, for Respondent.

## OPINION AND ORDER

JONES, Chief Judge.

Edward N. Bell is a state prisoner under capital sentence for murder who on May 17, 2005, filed an Initial Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Prior to the filing of any responsive pleading, the petitioner filed an Amended Petition, to which the respondent objects. Because the petitioner amended his petition prior to the filing of the petitioner's answer, I will allow it.

The respondent was ordered to answer the initial petition by June 20, 2005. On June 13, 2005, prior to the filing of respondent's answer, the petitioner filed a Motion to Amend his petition, along with a 246-page Amended Petition. On June 16, 2005, the respondent filed his Rule 5 Answer and Motion to Dismiss the initial petition. On June 17, 2005, the respondent filed a brief opposing the petitioner's motion to amend the petition, and the petitioner has filed a reply brief.

The respondent now asserts several arguments in support of his position that the petitioner should not be allowed to amend his petition or, in the alternative, that he should be required to file his amendment again in a different format, show cause and prejudice for his failure to include amended material in his initial petition, and specify whether his new issues were presented to the state court. For the following reasons, I disagree.

■ The Federal Rules of Civil Procedure govern habeas proceedings "to the extent that they are not inconsistent with ... the[ ] [R]ules [Governing Section 2254 Proceedings]." Rule 11, Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254 (West 1994 & Supp.2005). Cases applying this rule have consistently held that Rule 15 of the Federal Rules of Civil Procedure, not being inconsistent with the habeas rules, governs the amendment of habeas petitions. *See, e.g., Zarvela v. Artuz,* 254 F.3d 374, 382 (2d Cir.2001); *Anthony v. Cambra,* 236 F.3d 568, 574 (9th Cir.2000); *Riley v. Taylor,* 62 F.3d 86, 90 (3rd Cir. 1995); *see also United States v. Graham,* 187 F.3d 631, 1999 WL 598867, *1 (4th Cir.1999) (unpublished) (stating that Rule 15(a) applies to § 2255 motions). According to Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). The petitioner filed his amended petition prior to the filing of the respondent's answer and, accordingly, appears entitled to amend that petition. Amending the petition at this stage of the litigation will help ensure that the court has before it a single comprehensive petition, and reduce the chances of the petitioner filing successive petitions advancing new claims. *See Riley,* 62 F.3d at 90 (citing *Fetterly v. Paskett,* 997 F.2d 1295, 1301–02 (9th Cir.1993) (stating leave to amend an initial petition should be liberally permitted to help avoid successive petitions)). Moreover, there is no indication that the petitioner has filed his amendment in bad faith or with any improper motive.

■ The respondent requests that the petitioner be required to show cause and prejudice for his failure to include amended material in his initial petition and justify why his new claims have not been procedurally defaulted. Cause and prejudice are required showings for the filing of a second, or successive, petition, 28 U.S.C.A. § 2244(b) (West 1994 & Supp.2005), but

 **615**

are not preconditions to amending a petition under Rule 15(a).[1] *Riley v. Taylor*, 62 F.3d at 90; *see also Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.2000) (cause and prejudice part of the successive petition analysis). Similarly, a petitioner is not required to demonstrate that his claims have not been procedurally defaulted as a precondition to the filing of his petition and Rule 15(a) does not impose such a requirement. Of course, nothing in this order prevents the respondent from arguing procedural default as a basis for dismissal of the petitioner's additional claims.

However, the form in which the petitioner filed his amended petition does make it exceedingly difficult for both the respondent and the court to determine which portions of the petition have been altered. Both the initial and amended petitions are quite long, and the amended petition in no way indicates how it is different from the initial petition. For these reasons, I will order the petitioner to file a statement specifying the manner in which his petition has been amended.[2]

Accordingly, it is **ORDERED** as follows:

1. The Motion to Amend is granted and the Amended Petition is deemed filed as of June 13, 2005; and

2. The petitioner must file a statement within seven (7) days after entry of this Order specifying the manner in which his Initial Petition has been amended; and

3. The respondent is granted leave to file an Amended Answer and Motion to Dismiss within ten (10) days of service of the petitioner's statement.

---

1. The respondent argues that the petitioner's filing is a second, or successive, petition, rather than an amended petition. Although the Rules Governing Section 2254 Cases do not define "second" or "successive" petition, "[a] key factor in determining whether a petition should be considered 'second or successive' is whether a prior petition has been adjudicated on the merits." *Nims v. Ault*, 251 F.3d 698, 704–05 (8th Cir.2001)(citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.2000); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)); *see also Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (explaining that the successive petition rule is "a modified res judicata rule"). Application of this standard and reference to cases discussing successive petitions, makes it clear that the filing at issue in this case is an amended petition.

2. Although he could have filed his Amended Petition without leave of court, the petitioner filed a Motion to Amend. The courts are split as to the effect of such a motion when made during the time for amendment as a matter of course. *See* Laura Dietz, et al., *Amending Once as a Matter of Right*, 61A Am.Jur. Pleading § 756 (2d ed.2005). Some courts ignore the motion, while others treat the motion as a waiver of the right to amend as a matter of course. *See id.* Without definitively deciding which approach is the better one, I will grant the petitioner's motion and will exercise the discretion given to me under Rule 15(a) to order him to comply with one condition.