Michael Jerome ISREAL, Petitioner,

v.

Robert L. AYERS, Jr. Warden, California Board of Prison Terms, Respondent.

No. 99–70569.

D.C. No. CV–99–00740–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided April 6, 2001.

As Amended on Denial of Rehearing and Rehearing En Banc May 21, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM *

 The Board of Prison Terms denied Isreal parole on the ground that he would pose a threat to the public, while his initial federal habeas petition was pending. At that time, Isreal could have asked that his petition be stayed so that he might exhaust the new claim in the California courts and then raise it in his pending federal habeas petition. *See Calderon v. United States Dist. Court,* 134 F.3d 981, 986–88 (9th Cir.1998); *see also Fetterly v. Paskett,* 997 F.2d 1295, 1301–02 (9th Cir.1993) (district court abused its discretion by refusing to stay proceedings so that the petitioner might exhaust a new claim and introduce it in an amended habeas petition). Having failed to do so, Isreal may not raise that claim, or an identical claim arising out of the 1998 parole denial, in a second or successive habeas petition. *See* 28 U.S.C. § 2244(b).

In the alternative, Isreal argues for relief under 28 U.S.C. § 2241. Our "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin,* 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (citation omitted); *see also Greenawalt v. Stewart,* 105 F.3d 1287, 1287 (9th Cir.1997). Isreal may not "avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241." *Id.* at 1287.

 Nor may Isreal challenge the parole denial under 42 U.S.C. § 1983. A prisoner may challenge the lawfulness of the general criteria employed by parole boards under section 1983. *See Bogovich v. Sandoval,* 189 F.3d 999, 1003–04 (9th Cir. 1999). However, a prisoner may not allege that the parole board improperly denied his request for parole. *See Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997). Although Isreal seeks to cast

---

his claim as a challenge to the criteria, he essentially argues that he was arbitrarily denied parole because he could not pose a threat to society from within a Missouri prison. Such a claim may not be raised in a section 1983 action.

DENIED.

---

\* Larry G. Massanari is substituted for his predecessor, Kenneth Apfel, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The Honorable John M. Duhé Jr., Senior Circuit Judge for the Fifth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.