# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2415

_____

|  |  |  |
|---|---|---|
| Jay Clint Crouch, | * |  |
|  | * |  |
| Petitioner, | * |  |
|  | * | On Petition |
| v. | * | for Permission to file a |
|  | * | Successive Habeas Corpus. |
| Larry Norris, Director, Arkansas | * |  |
| Department of Correction; Arkansas | * |  |
| Post Prison Transfer Board; Leroy | * |  |
| Brownlee, Chairman. | * |  |
|  | * |  |
| Respondents. | * |  |

_____

Submitted: February 13, 2001

Filed:   May 17, 2001

_____

Before LOKEN,  HEANEY, and BYE, Circuit Judges.

_____

HEANEY, Circuit Judge.


Arkansas prisoner Jay Clint Crouch seeks permission to file a second or successive habeas corpus petition, invoking 28 U.S.C. § 2244(b)(3)(A), a gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because we conclude that Crouch's proposed petition is not second or successive within the meaning of § 2244, we dismiss Crouch's application.

## I.  BACKGROUND

Crouch pleaded guilty in Arkansas state court to two counts of first-degree sexual abuse and one count of engaging children in sexually explicit conduct for use in a visual or print medium.  In 1998, Crouch tried unsuccessfully to challenge his convictions in a 28 U.S.C. § 2254 petition, claiming he had not received effective assistance of counsel, his guilty plea had not been knowing and voluntary, and the prosecution had failed to disclose evidence favorable to him.

In June 2000, Crouch filed in this court an application seeking permission to file a second or successive federal habeas petition.  He proposed to raise claims stemming from the state's refusal to grant him parole, specifically that the state had thereby violated his rights under the Fifth and Fourteenth Amendments.  Prior to oral argument on this matter, the state moved to dismiss Crouch's application as moot, informing the panel that Crouch had been granted parole on October 28, 2000.  Crouch responded that he nevertheless remained incarcerated by the Arkansas Department of Correction, as his post-release supervision plan had not been approved.

## II.  DISCUSSION

As an initial matter, we take up the state's mootness argument.  We believe the state's decision to grant Crouch parole has not mooted his application to file a second or successive habeas application, as he remains incarcerated.  Although the change in Crouch's nominal status as an inmate may affect the way he frames the issues he wishes to present in a habeas petition, it does not change the fact that habeas corpus is the appropriate means for him to challenge the execution of his sentence, nor does it affect our disposition of his application for permission under § 2254(b)(3)(A).

The relevant portion of AEDPA provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). As a matter of first impression in this circuit, we must determine as a threshold question whether Crouch's proposed petition is subject to § 2244's restrictions on second or successive applications.

Crouch contends that his proposed petition is not subject to AEDPA's restrictions on second or successive applications because he seeks to challenge the execution of his sentence and not the underlying conviction. According to Crouch, his proposed petition is properly classified as a habeas action under 28 U.S.C. § 2241, which the Act does not specifically reference. We disagree.

Even if a federal prisoner's § 2241 challenge to the execution of his sentence does not constitute a "second or successive" petition under § 2244(b), see Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Valona v. United States, 138 F.3d 693, 694-95 (7th Cir.1998), it does not necessarily follow that a similar challenge by a state prisoner like Crouch escapes the restrictions of § 2244(b).

In Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir.), cert. denied, 121 S. Ct. 606 (2000), the Seventh Circuit explained that the statutory language of § 2255, which focuses on the federal prisoner's original judgment and sentence, "had led courts to find that challenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241." By contrast, the language of § 2254 is broader, referring to applications by "person[s] in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As the Seventh Circuit noted, "[t]he focus is on the fact of custody, not necessarily on flaws in the underlying judgment or sentence that brought the person there." Walker, 216 F.3d at 633.

Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a "person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled. See Felker v. Turpin, 518 U.S. 651, 662 (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); Walker, 216 F.3d at 633 ("Felker leads to the conclusion that when a prisoner begins in the district court [as opposed to original actions begun in the Supreme Court], § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case.").

That Crouch's proposed petition is subject to § 2244(b)'s limitations is, however, not dispositive. Although Crouch's proposed petition neither relies on a new rule of constitutional law nor identifies newly-discovered facts that establish his innocence of the underlying sex offenses, Crouch may nevertheless be free to file his proposed petition in the district court if it is not "second or successive." AEDPA fails to define what constitutes a "second or successive" application. Courts considering

the construction of § 2244(b) have uniformly rejected a literal reading. See United States v. Barrett, 178 F.3d 34, 43-44 (1st Cir. 1999) (collecting cases), cert. denied, 528 U.S. 1176 (2000). Instead, it is generally acknowledged that the interpretation of "second or successive" involves the application of pre-AEDPA abuse-of-the-writ principles. Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (looking to pre-AEDPA law to determine that 2244(b) did not bar petitioner's request to reopen habeas claim raised in prior petition but dismissed by district court as premature); Muniz v. United States, 236 F.3d 122, 127 (2d Cir. 2001) ("We therefore answer the question of whether a petition is 'second or successive' with reference to the equitable principles underlying the 'abuse of the writ' doctrine."); United States v. Barrett, 178 F.3d 34, 44 (1st Cir.1999) ("The core of AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."), cert. denied, 528 U.S. 1176 (2000); In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."); Reeves v. Little, 120 F.3d 1136, 1139-40 (10th Cir. 1997) (applying pre-AEDPA abuse-of-writ standard to determine whether subsequent 28 U.S.C. § 2254 petition was "second or successive" under AEDPA); Pratt v. United States, 129 F.3d 54, 59-60 (1st Cir. 1997) (habeas motion ruled "second or successive" where petitioner's claims of ineffective assistance at trial could and should have been raised in prior petition and thus constituted abuse of writ under pre-AEDPA law).

We conclude that Crouch's proposed challenge to the execution of his sentence should not be deemed "second or successive" merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions. This conclusion comports with pre-AEDPA abuse-of-the-writ principles, with the policies underlying AEDPA, and with the principles articulated in recent Supreme Court decisions involving AEDPA.

Crouch's proposed petition is not abusive because he could not have raised his parole-related claims in his first habeas petition. His first parole denial is dated November 23, 1998, some ten months after he filed his § 2254 petition. Cf. Washington v. Delo, 51 F.3d 756, 760 (8th Cir. 1995) (new claims raised in subsequent habeas petition not abusive where factual basis of claim was reasonably unavailable to petitioner at time of first petition.)

Nor does Crouch's proposed petition offend the policy concerns that prompted the passage of the Act. The scant legislative history discussing the purpose of AEDPA's habeas restrictions indicates that Congress was concerned with delay and finality. Cain, 137 F.3d at 235 (§ 2244 "was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences"); Note, The Avoidance of Constitutional Questions and the Preservation of Judicial Review: Federal Court Treatment of the New Habeas Provisions, 111 Harv. L. Rev. 1578, 1580 (1998). Crouch's proposed challenge to the constitutionality of the state's application of its parole statutes does not threaten the validity of his conviction and sentence, which have already been subjected to both state and federal review.

Finally, the Supreme Court's decisions in Martinez-Villareal and Slack v. McDaniel counsel against interpretation of the term in a manner that, for many state prisoners, would all but foreclose challenges to the constitutionality of the execution of their sentences.[1] In Martinez-Villareal, the petitioner's first federal habeas petition raised a number of claims including a claim under Ford v. Wainwright, 477 U.S. 399 (1986) that he was not competent to be executed. The Ford claim was dismissed

_____

[1] Felker made clear that whatever the effect of AEDPA on a state prisoner's right to file a second or successive habeas petition in the district court, the Supreme Court's authority to entertain original habeas petitions remained intact, though the AEDPA restrictions "certainly inform [the Court's] consideration of original habeas petitions." 518 U.S. at 662-63.

without prejudice as premature, as the state had not yet set an execution date; the remaining claims were adjudicated and denied. After the state set an execution date, Martinez-Villareal refiled the Ford claim. The Court held that the refiled petition was not second or successive under AEDPA, concluding that "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Martinez-Villareal, 523 U.S. at 645.

In the view of the Court, to hold otherwise would lead to "perverse" results, giving as an example a situation where a prisoner files a § 2254 petition containing both claims that have been properly exhausted and claims that have not properly exhausted. Id. at 644. The Court noted that while district courts are required to dismiss without prejudice all claims contained in such a petition, petitions refiled after a prisoner has exhausted state remedies are not deemed successive and are adjudicated under the same standard as would apply to a first petition. Id.

Similarly, in Slack v. McDaniel, 529 U.S. 473 (2000), petitioner's first federal habeas petition was dismissed because he had failed to properly exhaust all of his federal claims in state court. Slack's state-court efforts were unsuccessful, and he returned to federal court, reasserting the claims he had raised in his original federal petition as well as new claims. Recalling Martinez-Villareal, the Court held that under pre-AEDPA law Slack's later federal petition was not "second or successive" within the meaning Rule 9(b) of the Rules Governing Section 2254 Cases, and that his prior petition would be treated "as though it had not been filed." Id. at 487-88. Although Slack's second petition, filed in May 1995, was not subject to § 2244(b)'s "second or successive" restrictions, the Court cautioned, "[W]e do not suggest the definition of second or successive would be different under AEDPA." Id. at 486.

The lesson of Slack and Martinez-Villareal for this case is that "second or successive" remains a term of art that must be given meaning by reference to both the

body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment. With that in mind, we conclude that Crouch's petition, which neither raises a claim challenging his conviction or sentence that was or could have been raised in his earlier petition, nor otherwise constitutes an abuse of the writ, is not "second or successive" for purposes of § 2244(b). Habeas corpus is the sole means by which Crouch may obtain relief for the constitutional violations he claims he has suffered with respect to his parole. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). It may be that Congress has wide latitude to curtail access to that relief, cf. Felker, 518 U.S. at 664 (AEDPA restrictions on second habeas petitions are within compass of evolving abuse-of-the-writ principles and do not amount to unconstitutional suspension of writ), but a sharp turn such as would be accomplished by reading § 2244(b) to bar Crouch's proposed petition should be accomplished through the clear direction of Congress rather than by artless judicial construction of a term of art.

## III. CONCLUSION

For the foregoing reasons, we deny as unnecessary Crouch's application for permission to file a second or successive habeas petition. Respondents' motion to dismiss the application is denied.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. I agree with the court that 28 U.S.C. § 2254 is the only vehicle by which a state inmate such as Jay Crouch may obtain federal habeas relief, even if his application is purportedly brought under 28 U.S.C. § 2241. See Felker v. Turpin, 518 U.S. 651, 662 (1996); Preiser v. Rodriguez, 411 U.S. 475, 482-84 (1973). Therefore, 28 U.S.C. § 2244(b) applies to Crouch's present application. In my view, it is a second or successive application that requires authorization from this court under § 2244(b)(3). I would deny the request for authorization.

In 1998, the district court denied Crouch's first § 2254 application on the merits. That application did not raise the parole-denial claims he now seeks to raise.[2] Section 2244(b)(2)(B) expressly addresses this situation:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> * * * * *
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In <u>Greenawalt v. Stewart</u>, 105 F.3d 1287, 1288 (9th Cir. 1997), the Ninth Circuit applied the plain language of this statute in denying a second or successive application challenging the constitutionality of the manner in which appellant was to be executed. Without considering whether this claim could have been raised in the first § 2254 application, the court denied authorization because the claim "is not relevant to the question whether he is guilty of murder in the first degree" and therefore § 2244(b)(2)(B)(ii) could not be satisfied.

---

[2]The court asserts that Crouch *could not* have asserted these parole-denial claims in his first habeas petition. That is not entirely clear, because his first petition was filed in January 1998, after the first three of his six parole denials. But for purposes of this dissent, I assume the court's assertion is correct.

The court now declines to follow Greenawalt, concluding instead that Crouch's application is not "second or successive" within the meaning of § 2244(b) because it would not have been considered an "abuse of the writ" under prior law. The court relies on Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998), and Slack v. McDaniel, 529 U.S. 473, 487-88 (2000), to justify ignoring the plain meaning of the statutory term "second or successive." But those cases involved claims raised but not decided on the merits in the first habeas applications. In those situations, it was reasonable as a matter of statutory construction for the Court to look at prior law in determining whether the *return* to federal court when the claims ripened should be considered "second or successive" for purposes of the new statute. Here, on the other hand, there can be no question Crouch is seeking to file a "second or successive" petition raising entirely new claims, and therefore no reasonable basis in statutory construction to ignore the plain meaning of § 2244(b)(2). See In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999).

The court justifies its decision by observing that "to hold otherwise would lead to 'perverse' results." Ante p.7. But habeas corpus is a statutory writ, and "judgments about the proper scope of the writ are normally for Congress to make." Felker v. Turpin, 518 U.S. at 664 (upholding § 2244(b) as constitutional). Congress may decide -- and in my view has decided -- that the federal writ is not available to a state inmate who has unsuccessfully pursued § 2254 relief from his conviction, and who now wishes to use § 2254 to challenge the loss of good time credits, or the denial of parole, or some other aspect of the execution of his state sentence. It is not our prerogative as circuit judges to rewrite § 2244(b) because we would have legislated differently.

For these reasons, I conclude that Crouch requires authorization from this court to file a second or successive habeas corpus application, and I would deny his motion for authorization because he has not made the prima facie showing required by 28 U.S.C. § 2244(b)(3)(C).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.