# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1937

_____

| | | |
|---|---|---|
| Frederick Pennington, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 11, 2001

Filed: July 24, 2001

_____

Before BYE and BEAM, Circuit Judges, and MELLOY,[1] District Judge.

_____

BYE, Circuit Judge.

Frederick Pennington, Jr., brought a petition under 28 U.S.C. § 2254 claiming, in part, that he had been improperly denied parole. He included a claim that he had been improperly denied statutory executive clemency and/or commutation of sentence, as well as several claims that he had raised in three prior petitions challenging his conviction. The district court dismissed the petition on the ground that it was "second

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

or successive" and required authorization from this court, see 28 U.S.C. § 2244(b), before it could be filed in the district court.

Subsequent to the district court's dismissal of Pennington's petition, we decided that a habeas petition challenging the execution of a sentence (like the parole denial claim involved here), rather than the validity of a conviction, is not "second or successive" merely because the petitioner had previously filed a petition challenging his conviction. Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001). Applying Crouch, we conclude that Pennington's parole denial claim isn't "second or successive," and that Pennington doesn't require authorization from this court before proceeding in district court with that claim.[2]

This case adds a wrinkle not present in Crouch: Pennington brought his parole denial claim in a petition that included other claims raised in prior petitions challenging his conviction. Those claims *are* considered "second or successive" under § 2244(b), and would therefore require authorization from this court to permit proceedings in district court. The district court dismissed the petition without prejudice, but left Pennington with the option of obtaining authorization from this court before refiling.

Respondent suggests that Pennington's petition is a new breed of "mixed" petition brought about as the result of the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We agree. Before AEDPA, the only type of "mixed" petitions the federal courts faced were those with claims that had been exhausted in state court, mixed with unexhausted claims. After AEDPA's

---

[2]We need not address whether Pennington needed authorization to proceed in district court with his statutory executive clemency and/or commutation of sentence claim, because that claim is not cognizable in federal habeas proceedings in any event. See Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994).

passage, we face the possibility that prisoners will file habeas petitions raising claims that require § 2244(b) authorization, mixed with claims that do not. Respondent further suggests that the same analysis used for traditional "mixed" petitions should apply to this new breed of "mixed" petition. As explained below, we agree with that suggestion as well. But finally, respondent suggests that the district court properly dismissed Pennington's petition under the analysis applied to traditional "mixed" petitions. There we disagree, since the district court's dismissal left Pennington with no choice but to obtain authorization from this court before proceeding in district court with *any* of his claims.

When dealing with traditional "mixed" petitions, we have stated that "[w]e believe the petitioner should make the choice whether to amend his petition and delete the unexhausted claims or to proceed in state court on the unexhausted claims." Stewart v. Parratt, 682 F.2d 757, 758 (8th Cir. 1982). Thus, "[w]hen presented with a petition containing both exhausted and unexhausted claims, a district court must either dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims." Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997) (emphasis added).

We think the choice available to petitioners who file a traditional "mixed" petition ought to be afforded to those who file this new breed of "mixed" petition. At least, we can think of no good reason to refuse prisoners the choice. In the traditional "mixed" petition situation, we allow a prisoner to go forward with exhausted claims sooner rather than later, despite the risk that unexhausted claims will be forever barred. A prisoner who files a parole denial claim mixed with "second or successive" claims may have the same desire to go forward with the claim that doesn't require authorization, and he does so at less risk given the strictures of obtaining § 2244(b) authorization for his "second or successive" claims.

In sum, a prisoner who raises habeas claims that require § 2244(b) authorization, mixed with claims that do not, should be given the option of seeking authorization from the court of appeals for his "second or successive" claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization.

We reverse and remand this action to the district court for further proceedings consistent with this opinion.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Respondent's brief intimates that Pennington's parole denial claim has not been exhausted in state court proceedings. We can't tell from the record whether that is true, and the district court did not address exhaustion prior to dismissing the petition. We therefore leave that issue to be addressed in the first instance by the district court on remand.