# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2296

_____

Edmund M. Abordo,

        Appellant,

v.

Timothy O'Dell, Warden,

        Appellee.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted:  November 7, 2001

Filed:  December 4, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Edmund M. Abordo--a Hawaii state inmate who had been transferred to Prairie Correctional Facility (PCF), a private prison in Minnesota--appeals the district court's[1] dismissal with prejudice of his habeas petition, filed under 28 U.S.C. § 2241. The petition, naming PCF's warden, alleged that Mr. Abordo's confinement at PCF was illegal because (1) he had not been committed to incarceration in Minnesota

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

under Minnesota law, (2) private prisons are not entitled to enforce the laws of other states, (3) Hawaii's jurisdiction over him ended once he arrived in Minnesota, and (4) the Full Faith and Credit Clause, U.S. Const. art. 4, § 1, prohibited Minnesota from enforcing Hawaii's penal judgments. We affirm.

Although Mr. Abordo labeled his suit as one brought under section 2241, the only vehicle for his attack on his confinement is 28 U.S.C. § 2254, because he is in custody pursuant to a state court judgment. See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001) (state prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled"). Accordingly, to proceed with this appeal, Mr. Abordo requires a certificate of appealability, which we grant. See 28 U.S.C. § 2253.

We conclude Mr. Abordo failed to prove that he exhausted all available state remedies in Minnesota, as required under section 2254, see 28 U.S.C. § 2254(b)(1)(A), (B)(i) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system or there is absence of available state corrective process), and in any event, having reviewed the record de novo, see United States v. Lurie, 207 F.3d 1075, 1076 (8th Cir. 2000), we agree with the district court that Mr. Abordo's petition lacked merit.

First, "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Second, courts have upheld transfers of inmates to private out-of-state facilities. See, e.g., Montez v. McKinna, 208 F.3d 862, 865-66 (10th Cir. 2000) (rejecting challenge to transfer as "unsupported by law"). Third, Hawaii's jurisdiction did not end when it transferred Mr. Abordo to Minnesota, as Hawaii did not deliberately and voluntarily relinquish its authority over him. See Evans v. Holm, 114 F. Supp. 2d 706, 711 (W.D. Tenn. 2000) ("It is a popular myth among prisoners

that a state's authority over a prisoner ends at the state's geographical border."); cf. Blango v. Thornburgh, 942 F.2d 1487, 1491 (10th Cir. 1991) (District of Columbia did not waive jurisdiction over habeas petitioner by transferring him to federal prison in Kansas). Finally, Mr. Abordo's reliance on the Full Faith and Credit Clause is misplaced, see Michigan v. Doran, 439 U.S. 282, 287-89 (1978) (in criminal matters, concept of full faith and credit is articulated through Extradition Clause, U.S. Const. art. IV, § 2, cl. 2), and in any event, Minnesota was not enforcing Hawaii's penal judgment.

We reject Mr. Abordo's argument that dismissal should have been without prejudice. We do not, however, address his challenge to the pro-hac-vice admission of Hawaii's counsel, because it is not properly before us. See United States v. Davis, 52 F.3d 781, 783 (8th Cir. 1995) (issues not argued in opening brief cannot be argued in reply brief).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.