# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1129

_____

| | | |
|---|---|---|
| Samson Jegede, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Constance Reese, Warden; | * | |
| Immigration and Naturalization | * | [UNPUBLISHED] |
| Service, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  August 12, 2003
Filed:  August 15, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sam Jegede, a federal inmate who pleaded guilty to drug-trafficking and money-laundering offenses, see United States v. Jegede, 98-1662, 1998 WL 553249 (8th Cir. Aug. 31, 1998) (unpublished per curiam), appeals the district court's[1] order dismissing his 28 U.S.C. § 2241 petition.  We affirm.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable E. Skipworth Swearingen, United States Magistrate Judge for the District of Minnesota.

In his section 2241 petition, Jegede, born in Nigeria, claimed that his counsel had been ineffective in failing to inform him of the prospect of his deportation as a consequence of his convictions, thereby rendering his guilty plea involuntary. Jegede alleged that he was notified after his first section 2255 motion had been denied that he was subject to deportation upon completion of his sentence.

We agree with the district court that Jegede's inability to file a successive 28 U.S.C. § 2255 motion does not make section 2255 inadequate or ineffective to test the legality of his detention, see United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (to establish that § 2255 relief is "inadequate or ineffective," more is required than demonstrating that procedural barrier prevents bringing § 2255 motion); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (§ 2241 relief is not available merely because prisoner faces substantive or procedural barrier to § 2255 relief). Further, we disagree with Jegede that his petition is not successive under Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.