**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY T. HECKARD,

Petitioner-Appellant,

v.

LAWRENCE TAFOYA, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

Respondents-Appellees.

No. 03-2087
(D.C. No. CIV-02-299-MV/ACT)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Petitioner Tony T. Heckard, a New Mexico state prisoner, seeks a

certificate of appealability ("COA") in order to appeal from the district court's

denial of his 28 U.S.C. § 2254 habeas petition. S*ee* 28 U.S.C. § 2253(c). We

deny Mr. Heckard's application for a COA and dismiss the appeal.

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In 1998, Mr. Heckard was convicted by a New Mexico jury of two counts of trafficking cocaine in violation of N. M. Stat. § 30-31-20, and one count of aggravated battery on a peace officer in violation of N. M. Stat. § 30-22-25. He was sentenced to twenty years' imprisonment. On direct appeal, Mr. Heckard's aggravated battery conviction was reversed, but his drug trafficking convictions were affirmed. *State v. Heckard*, No. 19,909 (N.M. Ct. App. July 11, 2000) (unpublished). The New Mexico Supreme Court denied his petition for writ of certiorari on September 11, 2000. He also filed a state petition for habeas relief, which was denied.

Mr. Heckard then filed a timely § 2254 petition challenging the constitutionality of his conviction. He raised three claims: (1) he was denied due process when the trial court would not permit a particular question to be asked on voir dire examination of a juror, Joe Harvey, a former police officer; (2) his trial and appellate counsel were constitutionally ineffective for failing to preserve and raise this voir dire issue; and (3) his trial counsel was constitutionally ineffective for failing to use a preemptory challenge to excuse Mr. Harvey. At trial, during voir dire before the jury, the judge refused to allow defense counsel to ask Mr. Harvey if he had ever known police officers to lie. Defense counsel withdrew the question and did not challenge the court's ruling. The trial court

offered counsel an additional opportunity to voir dire Mr. Harvey in chambers, but counsel did not ask any questions.

Mr. Heckard raised Claim One on direct appeal. The New Mexico Court of Appeals ruled his counsel had waived the issue by failing to object and, in any event, the trial court had not abused its discretion because Mr. Harvey testified he would evaluate the credibility of police witnesses without bias. The New Mexico Supreme Court denied his petition for writ of certiorari. Mr. Heckard did not raise Claim Two on direct appeal, but did raise it in his state habeas petition. The state district court summarily denied the habeas petition. Mr. Heckard states that his petition for writ of certiorari challenging this ruling was denied as untimely filed; the record does not include either his petition or an order of denial. Mr. Heckard did not raise Claim Three in the state courts.

The district court denied his § 2254 petition. As to Claim One, it ruled that Mr. Heckard had not established the trial court's limitation on voir dire resulted in a biased jury and, thus, he had not demonstrated any denial of due process. It further ruled that he had procedurally defaulted Claim Two by failing to seek timely certiorari review of the denial of his state habeas petition. Finally, it ruled that Mr. Heckard failed to exhaust Claim Three, but nonetheless addressed this unexhausted claim on the merits. It ruled that counsel's decision not to exercise a preemptory challenge was a strategic decision, that Mr. Heckard had alleged no facts showing that Mr. Harvey was biased or that he suffered prejudice from his

counsel's failure to remove this juror, and, therefore, he was not entitled to habeas relief on that claim.

## II.

Before addressing Mr. Heckard's request for COA, we first consider whether the district court had jurisdiction over his § 2254 petition, a question that turns on whether his § 2254 petition constitutes a "second or successive" habeas petition under 28 U.S.C. § 2244(b). Prior to filing his § 2254 petition, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in July 2000. In it, he alleged that his transfer to and incarceration in a privately-run prison facility violated his constitutional rights. The district court denied the § 2241 petition, and this court affirmed. *See Heckard v. Williams*, No. 00-2395 (10th Cir. Nov. 6, 2001) (holding that, under *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), a prisoner's placement in a private prison does not state a federal constitutional claim for relief).

The Antiterrorism and Effective Death Penalty Act (AEDPA) "[]amended habeas corpus statutes [to] restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see* 28 U.S.C. § 2244(b). "Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order authorizing the district

-4-

court to consider the petition." *Spitznas*, 464 F.3d at 1215; *see* 28 U.S.C.

§ 2244(b)(3). Section 2244(b) provides, in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

If Mr. Heckard's § 2254 habeas petition constitutes a second or successive

petition within the meaning of § 2244(b) because of his prior § 2241 petition, the

district court lacked jurisdiction even to deny it because Mr. Heckard did not seek

or obtain appellate-court authorization under § 2244(b). *See Berryhill v. Evans*,

466 F.3d 934, 937 (10th Cir. 2006); *Spitznas*, 464 F.3d at 1215.

This court has not yet determined whether a § 2254 petition constitutes a "second or successive" habeas petition within the meaning of § 2244(b) if the petitioner previously filed a habeas petition under § 2241. We appointed counsel for Mr. Heckard and requested that the parties file supplemental briefs addressing this jurisdictional question. Both parties filed briefs stating their position that Mr. Heckard's § 2254 petition is not a "second or successive" petition because it is his first collateral challenge to his state conviction, whereas his prior § 2241 habeas petition challenged the execution of his sentence. We agree that Mr. Heckard's § 2254 petition is not a second or successive petition.

Section 2244 does not define what constitutes a "second or successive" petition. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997). Nonetheless, "[c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *see also Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (collecting cases). The Supreme Court, this court, and other circuit courts have applied pre-AEDPA "abuse-of-the-writ" standards and principles in determining whether a habeas petition is second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (stating that "[t]he phrase 'second or successive petition' is a term of art given substance in our prior habeas corpus cases"); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998) (looking to

pre-AEDPA law to interpret § 2244(b)); *Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (per curiam) (collecting cases from Tenth Circuit); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (collecting circuit cases).

In applying "abuse-of-the-writ" principles, the courts have held that the second-or-successive gatekeeping requirements of § 2244(b) do not apply when a petitioner files a second habeas petition to litigate a claim that could not have been raised in his earlier petition or was not properly the subject of adjudication in an earlier habeas petition. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (holding that § 2244(b) does not bar a claim that had not arisen when petitioner filed his first habeas petition); *Crouch*, 251 F.3d at 724 (holding that petitioner's second § 2254 petition was not subject to § 2244(b) because he could not have raised his parole-related claims in his first habeas petition challenging his conviction); *In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998) (holding that claim that had not arisen at the time of the previous petition is not barred by § 2244(b)); *Cf. Martinez-Villareal*, 523 U.S. at 643-45 (holding that 2244(b) did not bar petitioner's request to reconsider habeas claim dismissed by district court as necessarily unripe). "[T]he purpose of AEDPA's habeas restrictions . . . was 'primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.'" *Crouch*, 251 F.3d at 724 (quoting *Cain*, 137 F.3d at 235). The Supreme Court has noted that a rigid construction of AEDPA by which a habeas petitioner would be entitled to file only one petition and thereafter all

claims would be subject to AEDPA's gatekeeping provisions even if he could not have received an adjudication of that claim in the initial petition would have "far reaching and seemingly perverse" implications. *Martinez-Villareal*, 523 U.S. at 644.

Under this circuit's precedent, Mr. Heckard's first habeas petition sought relief available only under § 2241. We have held that "[p]etitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Applying that distinction, we have held that a § 2241 petition is the proper procedural means for a state prisoner to challenge the constitutionality of his placement in a private prison. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Montez*, 208 F.3d at 865 (finding that an attack on where one's sentence will be served "seems to fit better under the rubric of § 2241").[1] In contrast, § 2254 serves as means for state prisoners to challenge the

---

[1]     We note that ours is the only circuit to hold that § 2241 is the proper habeas statute for a state prisoner to use to challenge his transfer to a private prison. *See White v. Lambert*, 370 F.3d 1002, 1008-09 (9th Cir. 2004) (noting that Tenth Circuit is only circuit to permit use of § 2241 by state prisoners challenging the execution of their sentence and collecting contrary cases from other circuits); *see also Aquiar v. Tafoya*, 95 F. App'x 931, 936 n.1 (10th Cir. 2004) (Briscoe, J., dissenting) (noting that Tenth Circuit is only circuit holding, in *Montez*, 208 F.3d at 865, that a challenge by a state prisoner to the execution of his sentence must be construed under § 2241, instead of § 2254; collecting cases).

constitutionality of their conviction or sentence. *See Montez*, 208 F.3d at 865.

Thus, Mr. Heckard could only raise his claims challenging his state conviction in a § 2254 petition, and could not have included them in his § 2241 petition. Because his first habeas petition sought relief available only under § 2241, his subsequent petition under § 2254 challenging his conviction is not a second or successive petition. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam) (holding § 2254 petition was not a second or successive petition where previous petition was properly characterized as a § 2241 petition); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (holding that where a § 2255 motion follows a § 2241 petition, it is not a second or successive petition if the prior petition sought relief available only under § 2241); *see also Crouch*, 231 F.3d at 725 (holding that second petition challenging parole decision not a second or successive petition under § 2244(b) because the parole claim was not challenging petitioner's conviction or sentence and could not have been raised in his earlier petition).

Accordingly, because this § 2254 petition is not a second or successive petition, we conclude that the district court had jurisdiction to rule on its merits.

III.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant must make a substantial showing of the denial of a constitutional right, and must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Mr. Heckard argues that the district court erred in concluding that his second ineffective assistance of counsel claim was procedurally barred and his third ineffective assistance claim was unexhausted. He asserts that he did raise a claim of ineffective assistance of counsel in the state court relating to his counsel's deficiencies in preventing Mr. Harvey from sitting on the jury, and he simply argued different facts in support of this claim at the different stages of state appellate review. His argument is without merit. "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v.*

*Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that the petitioner has raised the substance of the federal claim in state court." *Id.* (quotations omitted). "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Habeas petitioners fail to exhaust state remedies where the basis of their state-court ineffective-assistance claim differs from that of their federal ineffective-assistance claim. *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

Our review of the record, including Mr. Heckard's appellate brief and application for a COA, demonstrates that the district court's dismissal of his § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we DENY Mr. Heckard's application for a COA, and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-11-