# United States Court of Appeals

## For the First Circuit

No. 09-2271

WILLIAM RESTUCCI,

Petitioner,

v.

JAMES R. BENDER, Commissioner of Correction,

Respondent.

APPLICATION FOR PERMISSION TO FILE A SECOND
OR SUCCESSIVE HABEAS CORPUS PETITION

Before

Torruella, Boudin and Lipez,
Circuit Judges.

William Restucci pro se.
Carmen Ortiz, United States Attorney, and Annette C.
Benedetto, Assistant United States Attorney.

March 15, 2010

**Per Curiam**. William Restucci has filed an application for leave to file a "second or successive" habeas corpus petition pursuant to 28 U.S.C. § 2244(b).[1] Restucci, who is currently serving a term of imprisonment for a 1995 voluntary manslaughter conviction in Massachusetts state court, has filed two prior petitions seeking habeas relief under 28 U.S.C. § 2254. In the first, Restucci challenged the constitutionality of his conviction on various grounds, and his claims were denied on the merits. See Restucci v. Spencer, 249 F. Supp.2d 33 (D. Mass. 2003). The second petition, in which Restucci asserted a claim of ineffective assistance of counsel challenging the validity of his conviction, was dismissed sua sponte by the district court as an unauthorized second or successive petition, and we subsequently denied leave to file it, finding that it failed to meet the gatekeeping requirements applicable to such petitions. See 28 U.S.C. § 2244(b).[2]

---

[1]Petitioner has also filed a motion in which he appears to request that his state criminal case be "transferred" to federal court under 28 U.S.C. § 2254. Although it is framed differently, the motion appears to seek leave of this court to file a § 2254 petition asserting the same claims described in the initial application. Accordingly, it is essentially duplicative and does not require separate consideration.

[2]Pursuant to 28 U.S.C. § 2244(b)(2), a litigant may not file a second or successive § 2254 petition unless:

> (A) the applicant shows that the claim relies
> on a new rule of constitutional law, made
> retroactive to cases on collateral review by

-2-

In contrast to his previous petitions, the claims Restucci asserts in the instant application do not challenge the validity of the underlying conviction. Instead, his claims arise from the Massachusetts Parole Board's denial of parole in May 2009 and Restucci's alleged inability to appeal that denial through the state's administrative and judicial processes. Although neither we nor the Supreme Court have specifically addressed whether a claim based on the wrongful denial of parole is considered a "second or successive" petition for purposes of 28 U.S.C. § 2244(b), the courts of appeal that have decided the issue have concluded that such a claim is not "second or successive," and therefore is not subject to the § 2244(b) gatekeeping requirements, if the prisoner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition. See, e.g., James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (petition alleging miscalculation of conditional prison release date not "second or successive"); Pennington v.

the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

-3-

Norris, 257 F.3d 857, 858-59 (8th Cir. 2001) (parole denial claim is not a "second or successive" claim).  See also Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000) ("'The phrase "second or successive petition" is a term of art,' designed to avoid abuse of the writ"); In re Cain, 137 F.3d 234, 236-37 (5th Cir. 1998) (concluding that "Congress did not intend for the interpretation of the phrase 'second or successive' to preclude federal district courts from providing relief for an alleged procedural due process violation relating to the administration of sentence of a prisoner who has previously filed a petition challenging the validity of the conviction or sentence, but is nevertheless not abusing the writ"). We agree that this is the only sensible reading of the statute; as the Eighth Circuit noted in Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001), interpreting the term "successive" otherwise could foreclose state prisoners from challenging the constitutionality of the execution of their sentences.  251 F.3d at 724-25; see also James, 308 F.3d 162 (noting that 28 U.S.C. § 2254 is broader than 28 U.S.C. § 2255 in that it allows a state prisoner to file a habeas petition on the ground that he is "in custody" in violation of the Constitution or federal law.  28 U.S.C. § 2254(a)).

In this case, since Restucci's current claims arose well after his prior habeas petitions and application for leave to file a second or successive petition seeking review of his state court conviction were denied, he could not have raised them in the

-4-

earlier petitions; we therefore conclude, and the State agrees, that the claims are not "successive" for purposes of § 2244(b). Accordingly, petitioner does not require authorization from this court prior to filing his parole-based claims in federal district court.

The application is <u>dismissed</u> as unnecessary with leave to re-file in the district court.