# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1643

_____

| | | |
|---|---|---|
| Earnest Coppage, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Don Redman, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 7, 2011
Filed: July 5, 2011

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

North Dakota prisoner Earnest Coppage appeals following the pre-service dismissal of his habeas petition as barred by the statute of limitations. The matter is before this court on his request for a certificate of appealability. We grant Coppage's request, vacate the dismissal, and remand this case to the district court.

To begin, we note that Coppage's petition, which was styled as a 28 U.S.C. § 2241 petition, was properly treated as a 28 U.S.C. § 2254 petition. See Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified

as § 2241 petition not subject to limitations of 28 U.S.C. § 2244).  While a district court may sua sponte consider the timeliness of a section 2254 petition, the statute-of-limitations defense remains a non-jurisdictional affirmative defense that a state may waive.  See Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006) (statute-of-limitations defense is not jurisdictional, hence courts are under no obligation to consider time bar sua sponte; district courts are permitted, but not obliged, to consider, sua sponte, timeliness of state prisoner's habeas petition; should state intelligently choose to waive statute-of-limitations defense, district court would not be at liberty to disregard that choice).  Upon careful consideration, we conclude that the district court should not have dismissed Coppage's petition as untimely prior to service on the State.  See id. at 207 n.6, 210 (district courts are hardly ever positioned to raise § 2244's time bar sua sponte under Rule 4 of the Rules Governing Section 2254 Cases, because information essential to time calculation is often absent until state has filed, along with its answer, copies of documents from state-court proceedings; before acting on its own initiative, court must accord parties fair notice and opportunity to present their positions).

Accordingly, we grant Coppage a certificate of appealability, we vacate the dismissal, and we remand this case to the district court with instructions to proceed with service on the State.

_____