# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2874

_____

Reginald Morgan,               *

                                *

         Appellant,         *    Appeal from the United States

                                *    District Court for the

    v.                         *    Eastern District of Missouri.

                                *

Laurent D. Javois,         *    [UNPUBLISHED]

                                *

         Appellee.         *

_____

Submitted: October 21, 2011
Filed: June 22, 2012

_____

Before SMITH, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Reginald Morgan, an insanity acquittee, appeals from the district court's order denying his 28 U.S.C. § 2254 petition. This court reverses and remands for further proceedings, and denies as moot Morgan's motion to dismiss.

In 1994, Morgan was acquitted of Missouri charges on the ground of mental disease or defect excluding responsibility. *See Morgan v. Rabun*, 128 F.3d 694, 695 (8th Cir. 1997) (section 1983 action explaining Morgan's background). Morgan suffers from Schizophrenia Chronic Paranoid Type, and was committed for care and treatment to the Director of the Department of Mental Health. *See id.* The order of commitment stated Morgan is not to be released unless the court determines through

procedures provided in Mo. Rev. Stat. § 552.040 (1986) that Morgan does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of the law. *See Morgan v. Lacy*, 2005 WL 2290578, at *1 (E.D. Mo. Sept. 20, 2005) (unpublished).

In January 2005, Morgan filed a section 2254 petition asserting that his conviction violated the Eighth, Fifth, Thirteenth, and Fourteenth Amendments, that he was told thirteen years earlier that he would receive treatment for six months, and that the respondent was "practicing racial hate against [him]." *Id.* at *2. Morgan challenged both the 1994 order of commitment, and the state court's 2004 judgment and order for partial conditional release. *See id.* at *4. The district court denied the petition, holding Morgan's claims were untimely, procedurally barred, and not cognizable. *See id.* at *5.

In October 2008, Morgan filed another section 2254 petition claiming "the respondents keep saying [he] is a danger to himself and others if released on conditional discharge." In support, Morgan stated he "is rehabilitated and longterm stay in the hospital is unlawful and [his] illness is in remission." Morgan specified a state petition for conditional release was filed in November 2008 and denied on November 13, 2008, after a hearing.

The district court dismissed the petition in 2011. The court held that to the extent Morgan sought to relitigate claims brought in his first petition, the claims should be denied under 28 U.S.C. § 2244(b)(1), and to the extent Morgan sought to bring new claims, he first had to obtain this court's permission to file a successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The court also held that even if the petition was not successive, Morgan failed to state a cognizable claim because he did not allege any constitutional violation. Morgan appeals.

Initially, this court concludes Morgan's current petition is not successive because his claim based on his 2008 petition for conditional discharge had not arisen when he filed his first section 2254 petition in 2005. *See Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (holding second section 2254 petition challenging parole-related constitutional violations not successive because claims were not and could not have been raised in earlier petition; factual basis of claim unavailable earlier because parole denied after first section 2254 petition filed). Because Morgan's section 2254 petition is not successive, Morgan does not need this court's authorization to file it. *See id.* at 723.

This court also holds Morgan sufficiently stated a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Morgan does not mention any specific statute or constitutional provision, he does say his continued commitment is unlawful because his illness is in remission. It is clear to us that these facts give rise to an actionable due process claim under *Foucha v. Louisiana*, 504 U.S. 71, 77-78 (1992) (keeping committed person against will in mental institution absent determination in civil commitment proceedings of current mental illness and dangerousness violates due process). *See Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (pro se complaint must be liberally construed); *Earl v. Fabian,* 556 F.3d 717, 723 (8th Cir. 2009) (pro se habeas filings must be construed liberally).

Because Morgan's petition is not successive and he has sufficiently alleged a due process violation, this court reverses and remands for further proceedings consistent with this opinion, and denies as moot Morgan's motion to dismiss.

_____