# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2354
_____

Robert J. Thomas, Jr.

*Petitioner*

v.

United States of America

*Respondent*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 30, 2026
Filed: May 28, 2026
[Unpublished]
_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Robert Thomas, Jr. has filed an application in this court for authorization to file a second or successive 28 U.S.C. § 2255 motion. He seeks to assert a claim that his Guidelines career-offender sentence is illegal following the recent expungement of his Missouri marijuana-related convictions, and the case was held in abeyance

pending the outcome of a related matter in <u>Lozano v. United States</u>, 171 F.4th 1025 (8th Cir. 2026).

Because Thomas's claim stemming from Missouri's expungement order could not have been presented in his first section 2255 motion, the newly ripe claim is not "second or successive," <u>see</u> <u>Lozano</u>, 171 F.4th at 1030-32 (concluding that newly arisen claim challenging career-offender sentence following Missouri's expungement of prior marijuana-related conviction was not successive), and we deny as unnecessary Thomas's request for authorization, <u>see</u> <u>Crouch v. Norris</u>, 251 F.3d 720, 721-25 (8th Cir. 2001) (concluding that proposed habeas petition was not second or successive within meaning of 28 U.S.C. § 2244, and denying as unnecessary application for permission to file it). Thomas does not require this court's permission to pursue his section 2255 claim in the district court, but he will be subject to this court's precedent as to whether a conviction is "expunged" for Guidelines purposes. <u>See</u> <u>Lozano</u>, 171 F.4th at 1034 (examining definition of "expunged" for purposes of career-offender designation and concluding that movant's career-offender designation remained valid). The application is denied.

_____